UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA GRITT, et al.**

      Plaintiffs,

vs.                                           **Case No.: 8:07-CV-181-T-27EAJ**

**TARGET CORPORATION**,
a foreign corporation

      Defendant.

_____/

**ORDER**

Before the court are Plaintiffs' **Motion to Compel Defendant's Responses to Discovery** (Dkt. 11), Defendant's **Response in Opposition** (Dkt. 14), and Defendant's **Motion for Protective Order** (Dkt. 13).

As discussed below, the court grants in part Plaintiffs' motion to compel and denies Defendant's motion for protective order.

**I.  Background**

On December 1, 2003, Plaintiff Linda Gritt ("Gritt") slipped and fell "on a transitory object or substance believed to be buttered popcorn or some other perishable food item" while shopping at a Target store in Sarasota, Florida (Dkt. 1 at 2). Gritt claims she suffered injuries as a result of the fall, and in January 2007 she sued Defendant Target Corporation ("Target") for negligence (Id.). Gritt's husband and children also brought claims for loss of consortium and for injury to a parent (Id. at 4-5). Target denies the allegations and as an affirmative defense alleges that Gritt was comparatively negligent for failing to notice an open and obvious condition on the floor (Dkt. 6).

This dispute involves Target's responses to six of Plaintiffs' document production requests

and to one interrogatory propounded by Plaintiffs. Specifically, Plaintiffs request invoices Target provided to patrons for onsite food consumption for the six months prior to the accident, the names and addresses of all employees working on the day of the accident, invoices for floor maintenance for the three years prior to the accident, policy documents Target provides to employees regarding the distribution of food or beverages, and training materials Targets provides to employees (Dkt. 11 at 2-6). Plaintiffs also request a list of all food Target provides to customers "for consumption on the premises."[1] (Id. at 6).

Defendant responds that it has provided complete responses to many of Plaintiffs' requests and that the remainder of Plaintiffs' discovery is irrelevant, overbroad, and too burdensome under the Federal Rules of Civil Procedure (Dkt. 14). Defendant served Plaintiffs with supplemental discovery responses after Plaintiffs filed their motion to compel (Dkt. 14, Ex. C-E).

**II.   Analysis**

Rule 26(b)(1), Fed.R.Civ.P., which defines the scope of discovery, was amended in 2000. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Further, "for good cause shown, the court may order discovery of any matter relevant to the <u>subject matter</u> involved in the action." Fed.R.Civ.P. 26(b)(1) (emphasis added).

The rule change was to involve the court more actively in regulating the breadth of sweeping or contentions discovery. Fed.R.Civ.P. 26 advisory committee's note to 2000 amendment. The Advisory Committee intended by the rule change for the parties and the court to focus "on the actual

---

[1] All references to Plaintiffs' discovery is to their amended requests which are included in Target's Response in Opposition (Dkt. 14).

claims and defenses involved in the action." Id.  The rule change signals to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . ." Id.

First Request to Produce Nos. 11, 15 and Interrogatory No. 15

Through their First Request to Produce Nos. 11 and 15 and Interrogatory No. 15, Plaintiffs seek discovery relating to food and beverages Target provides to customers for onsite consumption. Specifically, in First Request to Produce No. 11, Plaintiffs ask for invoices Target provided to patrons for onsite food consumption for the six months prior to the accident, in First Request to Produce No. 15, Plaintiffs seek policy documents Target provides to employees regarding the onsite distribution of food or beverages, and in Interrogatory No. 15, Plaintiffs request a list of all food Target provides to customers "for consumption on the premises." (Dkt. 11).

Plaintiffs contend that discovery pertaining to all food and drink sold for onsite consumption at Target is relevant because it will assist them in determining what caused Gritt's fall and aid in establishing the precautions that Target should have followed in this case (Id. at 9).  Target, on the other hand, agrees that discovery relating to buttered popcorn is relevant but argues that Plaintiffs' requests should not extend to all food and beverages it offers to customers in its Food Avenue area (Dkt. 14 at 4-5).  Target contends that Gritt admitted in a recorded statement that she slipped on buttered popcorn; therefore, the scope of Plaintiffs' discovery requests should be limited to popcorn (Id.).

Upon consideration of the parties' arguments as well as the pleadings and other filings in the case, the court finds that First Request to Produce Nos. 11 and 15 and Interrogatory No. 15 target relevant information and are reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1), Fed.R.Civ.P.  Although Gritt admitted that buttered popcorn "probably caused

[her] to slip", this is not a concession that popcorn is the substance that caused her fall (Dkt. 14, Ex. A at 4). Moreover, even if she had conceded that popcorn was the culprit, which she did not, discovery pertaining to all food and beverages Target provides for onsite consumption may lead to discoverable information regarding Target's handling of other onsite spills. Therefore, as to Plaintiffs' First Request to Produce No. 15 and Interrogatory No. 15, Plaintiffs' motion to compel is granted.

However, the court finds that the time frame stated in Plaintiffs' First Request to Produce No. 11 is too broad; Plaintiffs do not demonstrate good cause at this point for obtaining discovery of all food and drink invoices for six months prior to the accident. The court determines that the invoices for three months prior to December 1, 2003 are relevant to this case at this time. If Target possesses no responsive documents, as it suggests in its supplemental response (Dkt. 14 at 4), it is directed to clarify this in an amended response to Plaintiffs' document production requests. Thus, upon consideration, Plaintiffs' motion to compel as to First Request to Produce No. 11 is granted in part.

<u>First Request to Produce No. 12</u>

Plaintiffs request the names and addresses of all Target employees working on the day of the accident (Dkt. 11 at 3). Target responds that only the names of the employees who were on duty at the front end of the store on December 1, 2003 for two hours prior to the accident are relevant (Dkt. 14 at 5), although it appears Target has not yet produced this information. Target has already provided Plaintiffs with the names and addresses of the employees it believes to have knowledge of Gritt's accident (<u>Id.</u> at 5-6).

The court agrees with Defendant on this point. The accident occurred near check-out lane

15 at the front end of the store (Dkt. 14, Ex. A at 2). Therefore, Plaintiff's motion to compel as to Request No. 12 is denied. If it has not done so already, Target is ordered to supplement its discovery responses only with the names and addresses of all employees on duty at the front end of the store for two hours prior to the time of the incident.

<u>First Request to Produce No. 14</u>

Plaintiffs request invoices relating to the maintenance of Target's floor for three years prior to the accident (Dkt. 11 at 3). Defendant has agreed to produce invoices for floor maintenance for November 2003 through January 2004, but objects that discovery beyond this is irrelevant (Dkt. 14 at 7-8).

The court finds that invoices for any floor maintenance performed for one year prior to the date of the accident, in addition to the January 2004 invoice Target has already agreed to produce, are relevant to this case. Therefore, Target is ordered to supplement its discovery responses with these responsive documents.

<u>Plaintiffs' Second Request to Produce Nos. 1, 2 and Target's Motion for Protective Order (Dkt. 13)</u>

In these requests, Plaintiffs seek training videos and tests pertaining to job duties or job safety that Target has provided or administered to its employees who were working at the time of the accident (Dkt. 11 at 5). Target has agreed to produce what it deems to be relevant portions of Target's "Safety Orientation Trainer's Guide DVD", provided Plaintiffs execute a protective order (Dkt. 14 at 9). Plaintiffs have declined to do so (Dkt. 13 at 2).

Target admits that the DVD is "used in Target's business to train its employees to be safe and to keep Target's guests safe in line with Target's culture of safety." (Dkt. 14 at 10). Thus, the DVD is relevant to Plaintiffs' causes of action. However, the DVD is also the subject of Target's

5

Motion for Protective Order (Dkt. 13), because Target contends it is a trade secret. Target maintains that if it produces the DVD to Plaintiff without the protection of a confidentiality order, it will be placed at a competitive disadvantage because it has no assurance that Plaintiffs will keep the DVD out of the hands of its competitors. Specifically, Target states:

> Target derives economic value from the manner in which it trains its employees to maintain Target's culture of safety, and Target has made reasonable efforts to maintain the secrecy of the DVD. The DVD and the manner in which the information contained therein is presented gives Target an advantage over its competitors to the extent that the DVD contributes to maintaining Target's unique culture of safety. . . . The DVD is not distributed to Target employees but is viewed in the store by Target employees only.

(Dkt. 13 at 5) Plaintiffs have not filed a separate response to Target's motion for protective order, but in their motion to compel Plaintiffs assert that the DVD is not entitled to protection because it is "readily ascertainable and provided to countless temporary employees throughout the world." (Dkt. 11 at 10)

Beyond Target's broad assertions, it offers no specific evidence of the proprietary nature of the DVD, and its motion for protective order is not supported by an affidavit attesting to facts that establish the DVD as a trade secret or highly proprietary information. Without this evidence, the court is unable to determine that the DVD is entitled to protection. See Border Collie Rescue, Inc. v. Ryan, 418 F.Supp.2d 1330, 1338-39 (M.D. Fla. 2006) (noting party's unsuccessful attempt to classify documents as trade secrets without providing supporting evidence or testimony). The undersigned concludes that Target does not demonstrate good cause for the issuance of a protective order under Rule 26(c), Fed.R.Civ.P.

Thus, Plaintiffs' motion to compel as to their Second Request to Produce 1 and 2 is granted. Target is ordered to produce its "Safety Orientation Trainer's Guide DVD" to Plaintiffs in its

entirety and to update its responses with any additional documents responsive to these requests.

### III. Conclusion

Upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) Within 20 days of the date of this order, Target is ordered to produce documents responsive to **Plaintiffs' First Request to Produce Nos. 11, 14, and 15, Plaintiffs' Second Request to Produce Nos. 1 and 2,** and **Plaintiffs' Interrogatories No. 15**, subject to the limitations discussed above. Thus, Plaintiffs' **Motion to Compel Defendant's Responses to Discovery** (Dkt. 11) as to these discovery requests is **GRANTED in part** and **DENIED in part**;

(2) Plaintiffs' motion to compel is **DENIED** as to their **First Request to Produce No. 12**. As Target agreed and as discussed above, however, Target is ordered to produce the names and addresses of its front-end employees within 20 days of the date of this order; and

(3) Target's **Motion for Protective Order** (Dkt. 13) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of October, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

7