UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA GRITT and ANDREW N. GRITT, her
husband, individually and on behalf of his
minor children, B.G., R.G. and T.G. and
STEPHEN GRITT, JEREMY GRITT, DIANA
GRITT and WESLEY GRITT,

       Plaintiffs,

vs.            CASE NO. 8:07-cv-00181-JDW-EAJ

TARGET CORPORATION, a
foreign corporation,

       Defendant.
_____/

## AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER FOR VIDEOTAPING OR TRANSCRIBING NEUROPSYCHOLOGICAL EXAMINATION AND MEMORANDUM OF LAW

  COME NOW Plaintiffs, Linda Gritt and Andrew N. Gritt, her husband, individually and on behalf of his minor children, B.G., R.G. and T.G. and Stephen Gritt, Jeremy Gritt, Diana Gritt and Wesley Gritt ("Plaintiffs"), and Defendant, Target Corporation ("Defendant"), by and through undersigned counsel, pursuant to Rule 3.01, Rules of the United States District Court for the Middle District of Florida, and file this Agreed Motion for Entry of Stipulated Protective Order for Videotaping or Transcribing Neuropsychological Examination and Memorandum of Law. As grounds for the relief sought, the Plaintiffs and Defendant ("the Parties") state the following:

  1.  The mental condition of Plaintiff, Linda Gritt ("Plaintiff") is in controversy.

2. Pursuant to Rule 35, Federal Rules of Civil Procedure, Plaintiff has been scheduled for Neuropsychological Examination with Glenn J. Larrabee, Ph.D., P.A. on Monday, March 3, 2008 and Tuesday, March 4, 2008.

3. Under the Federal Rules of Civil Procedure, the Court has authority to limit the scope of discovery. See Fed. R. Civ. P. 26.

4. Plaintiff intends to have a court reporter and/or videographer present during her neuropsychological examination.

5. The Parties have executed a Stipulated Protective Order agreeing to the following limitations and conditions with respect to the neuropsychological examination:

   a. Plaintiff is entitled to videotape, audio record, and/or have a court reporter transcribe Defendant's neuropsychological evaluation of Plaintiff in its entirety, including but not limited to any and all interviewing and testing of Plaintiff.

   b. If videotaped, a single stationary videocamera and microphone will be located in the examination room, focused on Plaintiff and Dr. Larrabee or his technician, but outside their direct vision, to minimize distraction. If audiotaped, the microphone will be placed outside of Plaintiff's direct vision. If transcribed by court reporter, the court reporter will be seated outside of the examination room, transcribing off of remote audio feed.

c. The video and/or audio operator, and/or the court reporter will not interfere, interrupt or disrupt the examination at any time. The recording operators and/or court reporter will be silent observers in a separate room. The only persons in the examining room during the evaluation will be Plaintiff, Dr. Larrabee and/or his assistant.

d. Any and all videotapes, audiotapes, transcriptions or copies of test materials, test record forms (raw testing data), test instructions or test manuals that are produced pursuant to the examination will be returned to John Holcomb by Clark & Martino (John Holcomb will, in turn, return the documents to Glenn J. Larrabee, Ph.D.) at the conclusion of the litigation, including any and all appeals, if necessary.  Exhibits and courtroom records containing test materials, test instructions or test manuals will be protected or sealed until destroyed or returned to Glenn J. Larrabee, Ph.D. at the conclusion of the litigation, and will not become part of the permanent record of this case.  Information about test materials including record forms, test instructions and test manuals shall not be disclosed to any persons other than the parties, their attorneys, their experts and treating medical doctors.  In no event shall any information about test materials be reviewed by, nor disclosed to, any persons other than the experts, parties, the attorneys for the Plaintiff and Defendant and the treating medical doctors herein.  Presentation of test materials, test instructions or test manuals, including videotape,

audiotape or transcription of test materials in the courtroom will be minimized to the extent possible consistent with need.

6. The Stipulated Protective Order for Videotaping or Transcribing Neuropsychological Examination is attached hereto as Exhibit A.

WHEREFORE the Plaintiffs and Defendant request entry of the attached Stipulated Protective Order for Videotaping or Transcribing Neuropsychological Examination.

Respectfully submitted

s/Anthony T. Martino
Anthony T. Martino
Florida Bar No. 293601
Anthony D. Martino
Florida Bar. No. 12031
James W. Clark
Florida Bar No. 146250
Attorneys of Plaintiffs
Clark & Martino, P.A.
3407 W. Kennedy Boulevard
Tampa, FL 33609
Phone: 813-879-0700
Fax: 813-879-5498

s/Sherilee J. Williams
John L. Holcomb
Florida Bar No. 296139
Sherilee J. Williams
Florida Bar No. 0017499
Attorneys for Defendant
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
Phone: 813-221-3900
Fax: 813-221-2900

## CERTIFICATE OF SERVICE

I hereby certify that on <u>February 29, 2008</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Anthony T. Martino, Esq. and Anthony D. Martino, Esq. at <u>amartino@clarkmartino.com</u> and <u>admartino@clarkmartino.com</u>.

s/Sherilee J. Williams
John L. Holcomb
Florida Bar No. 296139
Sherilee J. Williams
Florida Bar No. 0017499
Attorneys for Defendant
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
Phone: 813-221-3900
Fax: 813-221-2900

159640

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA GRITT and ANDREW N. GRITT, her
husband, individually and on behalf of his
minor children, B.G., R.G. and T.G. and
STEPHEN GRITT, JEREMY GRITT, DIANA
GRITT and WESLEY GRITT,

Plaintiffs,

vs.                                                                            CASE NO.  8:07-cv-00181-JDW-EAJ

TARGET CORPORATION, a
foreign corporation,

Defendant.
_____/

## STIPULATED PROTECTIVE ORDER FOR
## VIDEOTAPING OR TRANSCRIBING NEUROPSYCHOLOGICAL EXAMINATION

**IT IS HEREBY STIPULATED AND AGREED** by undersigned counsel for Plaintiffs, Linda Gritt and Andrew N. Gritt, her husband, individually and on behalf of his minor children, B.G., R.G. and T.G. and Stephen Gritt, Jeremy Gritt, Diana Gritt and Wesley Gritt ("Plaintiffs"), and Defendant, Target Corporation ("Defendant"), that:

1. The mental condition of Plaintiff, Linda Gritt ("Plaintiff") is in controversy.

2. Pursuant to Rule 35, Federal Rules of Civil Procedure, Plaintiff has been scheduled for Neuropsychological Examination with Glenn J. Larrabee, Ph.D., P.A. on Monday, March 3, 2008 and Tuesday, March 4, 2008.

3. Plaintiff intends to have a court reporter and/or videographer present during her neuropsychological evaluation.

4. Plaintiff is entitled to videotape, audio record, and/or have a court reporter transcribe the neuropsychological evaluation of Plaintiff in its entirety, including but not limited to any and all interviewing and testing of Plaintiff.

5. If videotaped, a single stationary videocamera and microphone will be located in the examination room, focused on Plaintiff and Dr. Larrabee or his technician, but outside their direct vision, to minimize distraction. If audiotaped, the microphone will be placed outside of Plaintiff's direct vision. If transcribed by court reporter, the court reporter will be seated outside of the examination room, transcribing off of remote audio feed.

6. The video and/or audio operator, and/or the court reporter will not interfere, interrupt or disrupt the examination at any time. The recording operators and/or court reporter will be silent observers in a separate room. The only persons in the examining room during the evaluation will be Plaintiff, Dr. Larrabee and/or his assistant.

7. Any and all videotapes, audiotapes, transcriptions or copies of test materials, test record forms (raw testing data), test instructions or test manuals that are produced pursuant to the examination will be returned to John Holcomb by Clark & Martino (John Holcomb will, in turn, return the documents to Glenn J. Larrabee, Ph.D.) at the conclusion of the litigation, including any and all appeals, if necessary. Exhibits and courtroom records containing test materials, test instructions or test manuals will be protected or sealed until destroyed or returned to Glenn J. Larrabee, Ph.D. at the conclusion of the litigation, and will not become part of the permanent record of this case. Information about test materials including record forms, test instructions and test

manuals shall not be disclosed to any persons other than the parties, their attorneys, their experts and treating medical doctors. In no event shall any information about test materials be reviewed by, nor disclosed to, any persons other than the experts, parties, the attorneys for the Plaintiff and Defendant and the treating medical doctors herein. Presentation of test materials, test instructions or test manuals, including videotape, audiotape or transcription of test materials in the courtroom will be minimized to the extent possible consistent with need.

_____
Anthony T. Martino
Florida Bar No. 293601
Anthony D. Martino
Florida Bar. No. 12031
James W. Clark
Florida Bar No. 146250
Attorneys of Plaintiffs
Clark & Martino, P.A.
3407 W. Kennedy Boulevard
Tampa, FL 33609
Phone: 813-879-0700
Fax: 813-879-5498

_____
John L. Holcomb
Florida Bar No. 296139
Sherilee J. Williams
Florida Bar No. 0017499
Attorneys for Defendant
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
Phone: 813-221-3900
Fax: 813-221-2900

**SO ORDERED.**

Date: _____, 2008.

_____
United States Magistrate Judge

409541   9640