## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LINDA GRITT, et al.**

    Plaintiffs,

vs.                                         **Case No.: 8:07-CV-181-T-27EAJ**

**TARGET CORPORATION**,
a foreign corporation

    Defendant.
_____/

## ORDER

Before the court are Defendant's **Motion to Compel Completion of Neuropsychological Examination** (Dkt. 31), filed April 4, 2008, and Plaintiff's **Response** (Dkt. 33), filed April 8, 2008. Defendant's motion is granted subject to limitations discussed below.

Defendant Target Corporation ("Target") requests an order compelling Plaintiff Linda Gritt ("Gritt") to submit to a two-hour mental examination by Glenn J. Larabee, Ph.D., on May 7, 2008. Dr. Larabee has already conducted a two-day mental examination of Gritt pursuant to the parties' agreement. However, Target alleges that the examination was incomplete because Gritt refused to answer certain questions about her medical history and the incident giving rise to her claims (Dkt. 31 at 2). Gritt does not dispute that she refused to answer some of Dr. Larabee's questions during the first examination (see Dkt. 33). Thus, the issue presented is whether Plaintiff should be compelled to complete the examination or whether Dr. Larabee had a complete opportunity to examine her pursuant to the prior agreement.

**1.**     **Background**

On December 1, 2003, Gritt slipped and fell on buttered popcorn "or some other food item"

while shopping at a Target store in Sarasota, Florida (Dkt. 30 at 2-3).  Gritt claims she suffered permanent injuries as a result of the fall (she alleges unspecified bodily injury and scarring and resulting mental anguish), and in January 2007 she sued Defendant Target Corporation for negligence (see Dkt. 1).  Gritt's husband and children also bring claims for loss of consortium and for injury to a parent.  Target denies the allegations and as an affirmative defense alleges that Gritt was comparatively negligent for failing to notice an open and obvious condition on the floor (Dkt. 32).

On March 10, 2008, this court granted the parties' Joint Motion for Entry of Protective Order (Dkts. 24, 26), in which the parties stipulated that the mental condition of Gritt is in controversy (Dkt. 24 at 1).   The parties agreed that Dr. Larabee could conduct a Fed. R. Civ. P. 35 ("Rule 35") mental examination of Gritt over two days.  The parties agreed to certain limitations with respect to the exam, which the court approved (Dkt. 26).  Dr. Larabee conducted the examination of Gritt on March 3-4, 2008.

**2.      The Parties' Filings**

Target requests a court order compelling Gritt to submit to two more hours of examination by Dr. Larabee (Dkt. 31).  According to Target, during the first exam,"Plaintiff refused to answer questions regarding doctors she has seen and evaluations and treatments she has undergone." (Dkt. 31 at 2).

Target attaches Dr. Larabee's affidavit, in which he states that his examination of Plaintiff is incomplete and he is unable to prepare a written report until she answers questions about the events leading to her injury, the incident itself, what she did afterwards, and who treated her (Id. at 3; Dkt. 31, Ex. B at ¶¶ 4-5).  Target emphasizes that Dr. Larabee is able to complete the examination

without addressing the issue of liability (Dkt. 31 at 3).[1]  According to Target, Plaintiffs' medical expert, Walter Afield, M.D., has also examined Gritt and Target is entitled to have an opportunity to refute Dr. Afield's findings at trial (Id. at 4).

Plaintiffs object to the additional examination.  Gritt contends that Dr. Larabee is not an independent examiner, that he is only seeking discrepancies in her version of the incident, and that he already has the records of her medical history (Dkt. 33 at 1-2).  Gritt does not refute Defendant's allegation that she did not fully answer questions at her first examination.  Instead, Plaintiffs make much of the fact that Dr. Larabee has a history as an expert witness for the defense and that he often finds the plaintiff to be a malingerer (Id. at 2).

Plaintiffs also contend that Gritt's allegations of mental anguish are not enough to place her mental condition at issue for purposes of a court order compelling a mental exam (Id. at 3-5).  Plaintiffs further submit that Defendant's motion should be denied because Gritt has already submitted to one mental exam and an additional one "may negatively affect her medical status" (Id. at 5).

**3.    Discussion**

Rule 35(a) states, in relevant part:

The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a

---

[1] As discussed hereafter, discussing the injury but not liability may be a difficult line to navigate.  Defendant's motion is not a model of clarity.  While Dr. Larabee's affidavit recites that Plaintiffs' counsel did not allow him to ask Gritt about "the nature of her trauma and resulting injuries, as well as the doctors she has seen, and evaluations and treatments she has undergone" (Dkt. 31 Ex, B, at ¶¶2, 5), he also contends that he needs to question her regarding the "events prior to her injury, the injury itself, events and occurrences immediately after the injury, at the scene of her injury, and events and occurrences following her leaving the scene of the injury..." (Id. at ¶5) Defendant's motion incorporates this same information.  (Dkt. 31 at 3)

3

>   suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed.R.Civ.P. 35(a). The "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).

A mental examination is warranted when one or more of the following factors are present: (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) allegations of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35. Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 554 (N.D. Ga. 2001) (citations omitted); Trenary v. Busch Entm't Corp., 8:05-CV-1630-T-30EAJ, 2006 WL 3333621, at * 2 (M.D. Fla. Nov. 16, 2006); Tracey P., et al. v. Sarasota County, et al., 8:05-CV-927-T-27EAJ, 2006 WL 1678908, at * 2 (M.D. Fla. June 16, 2006).[2]

A mere allegation of damages for "emotional distress" does not automatically place a plaintiff's mental condition in controversy for purposes of Rule 35. Ali v. Wang Lab., Inc., 162 F.R.D. 165, 167 (M.D. Fla. 1995); Robinson v. Jacksonville Shipyards, Inc., 118 F.R.D. 525, 528-31

---

[2] Even where these five factors have not been expressly recognized, most cases allowing mental examinations involve a claim for emotional distress or an allegation of ongoing severe mental injury. See Stevenson, 201 F.R.D. at 554 (citations and quotations omitted).

(M.D. Fla. 1988).

**4.     Conclusion**

Gritt's mental condition is in controversy as required by Rule 35.  First, Gritt consented to Dr. Larabee's initial Rule 35 examination.  The first numbered paragraph in the parties' Joint Motion for Protective Order (Dkt. 24) (regarding the procedures of Gritt's examination) reads: "The mental condition of Plaintiff, Linda Gritt ('Plaintiff') is in controversy."  Further, although Plaintiffs do not allege a claim for intentional infliction of emotional distress, Gritt discussed her "traumatic brain injury" requiring "indefinite medical attention" in response to interrogatories and at deposition (Dkt. 31, Ex. C).  Finally, her complaint alleges she suffers from mental anguish, emotional distress, and loss of capacity for the enjoyment of life as a result of her injuries which are allegedly permanent (Dkt. 30 at 5).  A consideration of these factors in combination leads the court to conclude that Gritt's mental condition is in controversy for Rule 35 purposes.[3]

The court accords little weight to Plaintiffs' argument attacking Dr. Larabee's qualifications especially as Plaintiffs previously stipulated to his examination.  Moreover, any concerns Plaintiffs may have about Dr. Larabee's qualifications or bias can be addressed if he testifies at deposition or trial.  If Plaintiffs had objected to Defendant's choice of Dr. Larabee, the court would have looked more closely at these arguments at the outset.

Plaintiffs' remaining argument has more merit: that Defendant's motion should be denied because Gritt submitted to a Rule 35 exam once and should not be subjected to another one.  It is undisputed, however, that Dr. Larabee could not complete his initial examination because Gritt

---

[3] Defendant has also proffered that Plaintiff has "a history of prior dizziness, anxiety disorder, complex partial seizures, and vertiginous sensations." (Dkt. 31 at 4)

refused to answer certain questions.  Therefore, under Rule 35, the undersigned finds good cause to compel Gritt to submit to an additional two hours of examination by Dr. Larabee.  The mental examination shall be conducted by Dr. Larabee not to exceed two hours at his office on Wednesday, May 7, 2008 to begin at a time mutually agreeable to the parties and the physician.  The examination is subject to the limitations included in the parties' protective order regarding recording procedures of the initial examination (see Dkts. 24, 26).

Further, the scope of the examination shall be limited to Dr. Larabee's clinical interview of Gritt regarding the events immediately prior to her injury, the injury itself, and events and occurrences immediately after the injury.  Dr. Larabee is also permitted to question Plaintiff about any prior mental history or history of brain trauma prior to the accident, as well as the treatment and health care providers she has received since the time of her injury until the present date.  As stipulated by Defendant, Dr. Larabee shall not address the issue of liability for Gritt's injury. Because of the difficulty in drawing a line between a narration of the injury and surrounding circumstances and liability, one of Plaintiffs' counsel shall be permitted to be present during the interview to insure that this line is not crossed during the examination.

Defendant shall provide Dr. Larabee with a copy of this order.  Immediately upon receipt of Dr. Larabee's written report, Defendant shall provide Plaintiff Linda Gritt with a copy of the resulting report or reports.

Upon consideration, it is **ORDERED**:

(1) Defendant Target Corporation's **Motion to Compel Completion of Neuropsychological Examination** (Dkt. 31) is **GRANTED** to the extent that Plaintiff Linda Gritt is ordered to submit to a mental evaluation by Dr. Larabee, as

6

more specifically set forth above.  The motion is denied in all other respects.

**DONE** and **ORDERE**D in Tampa, Florida on this 18th day of April, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge